## MARGARET GARRIOCH et al., Respondents, v. WILLIAM STANNER et al., Appellants.

### No. 1784; April 15, 1869.

**Parties.—In an Action Affecting Real Estate** it is proper to make persons parties defendant who claim to have been in possession, and if they put in no proof at the trial to maintain the claim, it is proper for the court to conclude them by its judgment.

**Witness—Who Competent to Prove Signature.—An Official Whose Duties** have compelled a close attention by him to old records and in that connection to a particular signature is a competent witness to prove that signature, although the signatory has been long dead and was never known or seen by the witness.

APPEAL from Twelfth Judicial District, San Francisco County.

The action was ejectment against William Stanner, Bridget Stanner, Patrick Brannan, Ramon Valencia and James McCabe. Each of these filed a separate answer except the first, who defaulted. The principal defendant was Valencia, and the Stanners held under him as tenants. At the trial the plaintiffs put in evidence a grant, dated November 18, 1840, from Francisco Guerrero, then alcalde of the pueblo of San Francisco, to Candelario Valencia, and a deed, dated December 23, 1854, from the latter to Margaret Henderson, which was the maiden name of the plaintiff. One Hopkins was permitted, over the objection of the defendant, to testify to the genuineness of the signature of Guerrero, having previously admitted he had never witnessed Guerrero write or seen the man; he had said, though, that for the past ten years he had been in charge of the Spanish documents in the office of the surveyor general—was familiar with the Spanish language, and by reason of his occupation knew well this signature.

The grant itself was objected to on several grounds: 1. The absence of a showing that as a preliminary—essential under. Mexican law—to the grant there had been a petition for it made by the applicant; 2. The absence of a showing that a petition of the sort had been approved by the Departmental Assembly and reported to the Supreme Government of Mexico; 3. The absence of a showing that a map, such as required in that connection by Mexican law, had accompanied the petition; 4. That the grant was void for failing to indicate the fifty vara lot in particular intended to be granted; 5. That there was no proof before the court that the judicial possession, required by that law, had been given to the grantee; 6. That the grant bore on its face conclusive evidence that the lands petitioned for, rather than other lands, had not been measured to the grantee; 7. The signature of Guerrero was merely personal, and did not import the official character of the signer; 8. The presumption of fraud that fixed itself to the issue of the grant by reason of the defects set forth. Objection was made to the admission in evidence of the deed to Margaret Henderson, the ground being that at its date there was no such person in being since the one-time person of the name had then already become Margaret Garrioch. Other points made at the trial are indicated and decided in the opinion.

I. N. Thorne for respondents; James McCabe for appellants.

SAWYER, C. J.—Neither Stanner nor his wife moved for a new trial or appealed. We have therefore nothing to do with them on this appeal.

There was no error in refusing to strike out Hopkins' testimony respecting the signature of Guerrero. Nor was there error in admitting the grant made by Guerrero, or the deed from the grantor, Candelaria Valencia, to Margaret Henderson. The other points relate to the insufficiency of the evidence in sundry specified particulars to support the findings. There is nothing to justify us in disturbing the finding on these grounds. The strongest point is that there was no possession shown on the part of McCabe and Brannan. The evidence is, that they claimed to be in possession before suit brought, and it was because of this claim on their part that

they were made parties. This was certainly enough to call upon them for an explanation of some kind, but they did not see fit to put in any evidence as to whether they were in possession or not, and we think the claim to be in possession made by them before suit, by which they induced the plaintiff to make them parties defendant, sufficient to justify the court in finding against them on that issue.

We see no error of which appellants can complain.

Judgment and order denying a new trial affirmed, and remittitur directed to issue forthwith.

We concur: Sprague, J.; Rhodes, J.; Sanderson, J.

Crockett, J., being disqualified, did not sit in this case.